**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1415
_____

WAYNE ANTONIO SPENCE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A040-098-031)
Immigration Judge:  Honorable Leo Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 7, 2012
Before:  CHAGARES, VANASKIE AND BARRY, Circuit Judges

(Opinion filed:  August 8, 2012)
_____

OPINION
_____

PER CURIAM

    Wayne Antonio Spence petitions for review of the Board of Immigration

Appeals' ("BIA" or "Board") decision denying his motion for reconsideration.

For the following reasons, we will dismiss the petition for review.

Spence, a native and citizen of Jamaica, entered the United States in 1986 as a lawful permanent resident. In 2007, he was convicted in New Jersey State court of aggravated sexual assault and sentenced to six years of imprisonment. The Department of Homeland Security subsequently issued a Notice to Appear, charging Spence with removability for having been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii).

At an administrative hearing, the Immigration Judge ("IJ") determined that Spence's 2007 conviction is both an aggravated felony and a particularly serious crime, rendering him ineligible for asylum and withholding of removal. The IJ did allow Spence to present testimony to determine his eligibility for protection under the Convention Against Torture ("CAT"). Spence testified that he believes that if he returns to Jamaica, he will be harmed because he would be perceived as an outsider in the neighborhood in which he last resided. Spence also claimed the area where he last lived, Montego Bay, is rife with violent criminal activity and that he was robbed at gunpoint during a 1996 visit. The IJ concluded that Spence failed to demonstrate that he is likely to face harm rising to the level of torture. Further, the IJ concluded that even if Spence had made such a showing, there is no indication that a public official would likely acquiesce in or exhibit willful blindness toward his torture.

On December 5, 2011, the BIA affirmed the decision of the IJ and dismissed Spence's administrative appeal. Spence did not petition for review of that decision; instead, he timely requested that the BIA reconsider its decision. On January 20, 2012,

the BIA denied the motion for reconsideration, concluding that rather than specifying any errors of fact or law in its previous decision as required by 8 C.F.R. § 1003.2(b), the motion "erroneously attributes statements to the Board that are not found in [the] decision." The Board also rejected Spence's argument that the Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), required the Board to reconsider its decision. This petition for review, which was timely filed from the denial of Spence's motion for reconsideration, followed.

We must first address our jurisdiction to entertain the petition for review. The Government correctly argues we lack jurisdiction to review arguments that were not exhausted before the BIA. Hoxha v. Holder, 559 F.3d 157, 159 & n.3 (3d Cir. 2009). In his petition for review, Spence argues that, in affirming the IJ's decision, the Board failed to consider an "equal protection" argument related to his "length of stay in the United States, family ties, [and] work history." (Pet. Br. at 5.) However, Spence did not present this argument to the BIA in his motion for reconsideration. (A.R. at 5-8.) His failure to do so constitutes a failure to exhaust, thus depriving us of jurisdiction to consider the argument. See Lin v. Att'y Gen., 543 F.3d 114, 119-21 (3d Cir. 2008).[1]

Spence also attempts to challenge the Board's December 5, 2011 decision upholding the IJ's denial of his application for asylum, withholding of removal, and CAT relief. Spence's petition for review, however, is timely only as to the Board's denial of

---

[1] We note that this is not the type of constitutional claim that we have authority to review in the absence of exhaustion. See Bonhometre v. Gonzales, 414 F.3d 442, 447 n.7 (3d Cir. 2005).

3

his motion for reconsideration.  See Stone v. INS, 514 U.S. 386, 405 (1995) (the finality of a removal order is not affected by the subsequent filing of a motion to reconsider). Inasmuch as neither Spence in his motion to reconsider, nor the Board in its decision denying reconsideration, addressed the denial of his application for asylum and related relief, his present challenge to the denial of that application is not reviewable.  See Camara v. Att'y Gen., 580 F.3d 196, 201 n.10 (3d Cir. 2009).

In sum, Spence has not raised any claims over which we have jurisdiction. Accordingly, we will dismiss the petition for review.